IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles T. Grimes,<br><br>  Petitioner,<br><br>v.<br><br>Paul Penzone,<br><br>  Respondent. | No. CV-20-01098-PHX-JJT (JZB)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 73, "R&R") entered by United States Magistrate Judge John Z. Boyle in this matter, which concluded the Court should dismiss with prejudice the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6, "Petition"). In the R&R entered January 31, 2024, Judge Boyle warned Petitioner that he had 14 days to file specific objections to it; that "[f]ailure to file timely objections to [the R&R] may result in the acceptance of [the R&R] by the district Court without further review" per United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003); and that failure to file timely objections to factual determinations "may be considered a waiver of a party's right to appellate review of the findings of fact in an order for judgment entered pursuant to the [R&R] pursuant to Fed. R. Civ. P. 72. (Doc. 73 at 19-20.)

It has now been more than a month since entry of the R&R and Petitioner has filed no objections thereto, timely or otherwise. Pursuant to *Reyna-Tapia* and Rule 72, then, the Court may accept the R&R without further review and deem appellate review of all facts determined in it waived. It nonetheless elects to review the findings and recommended

rulings on their merits. Upon doing so, it will adopt in full the careful, well-reasoned and correct analysis of Judge Boyle's R&R.

As to Ground One of the Petition, Judge Boyle correctly concluded that although Petitioner sustained a violation of his Miranda rights when he was questioned for 55 minutes without first receiving advice of those rights, and after requesting counsel, Petitioner received the full measure of the remedy to which he was entitled from the state court. When the state violates a defendant's *Miranda* rights, as both the state court and Judge Boyle noted, the remedy is suppression of any statements resulting from the violation. *E.g., United States v Patane*, 542 U.S. 630, 641-42 (2004). All such statements in Petitioner's case were suppressed and the jury never heard them. Petitioner is not, as he suggested, entitled to a wholesale dismissal of charges upon a *Miranda* violation—that is not the way this works. The state court's ruling thus was not objectively unreasonable and Ground One will not stand.

Similarly, Ground Two fails to approach any showing that the state court's actions were objectively unreasonable in trying him on a second indictment, after dismissal of the original indictment, eight months after his arrest. Petitioner's Speedy Trial Act violation claim fails to address any of the factors necessary to evaluate such a claim and the Court agrees with Judge Boyle that Petitioner's stated claim amounts only to conclusory statements. This is insufficient to support Ground Two.[1]

Regarding Ground Three, the state court correctly concluded on post-conviction review that the Fifth Amendment's Double Jeopardy clause is not implicated when a defendant's prior felony convictions are used to enhance his sentence in a subsequent felony conviction, as made clear in *Witte v. United States*, 515 U.S. 389, 400 (1995). And Petitioner's companion claim in Ground Three of state falsification of evidence or

---

[1] As part of Ground Two, Petitioner also argues witness perjury before the grand jury in violation of his Fifth Amendment rights. But as Judge Boyle noted, Petitioner failed to raise this issue before the state court on appeal or post-conviction review and his claim is therefore now barred as unexhausted and procedurally defaulted without excuse. Moreover, such claim of grand jury deficiency in a state criminal matter is not cognizable for habeas relief. *See, e.g., Peterson v. California*, 604 F.3d 1166, 1170 (9th Cir. 2010).

documents was not raised in the state post-conviction or appellate proceedings and is thus barred as unexhausted and procedurally defaulted at this point.

Finally, in Ground Four of the Petition, Petitioner makes several loosely related or unrelated arguments which upon individual consideration, the Court finds are each infirm. First, Petitioner's argument that the state trial court ruled on his motion to dismiss without oral argument is unexhausted and procedurally defaulted as he did not raise it on PCR review; moreover both federal and Arizona law allow a court to rule on motions without oral argument where all parties have been heard first through briefing, as occurred here. Second, Petitioner's assertion that his trial counsel was ineffective for failing to object to the presentation of evidence of gang affiliation is factually wrong. The state trial court's order denying PCR relief cites to counsel's objections—one of which was successful in narrowing the scope of testimony—and to counsel's argument on the issue at closing. (Doc. 45-1 at 7.) The state court's ruling on this issue was not objectively unreasonable. Finally, Petitioner's claim of insufficient evidence is unexhausted at the state court and therefore defaulted and procedurally barred, and in any event it is conclusory and unsupported by the record. A bald assertion of witness credibility issues is insufficient on the merits without more. Ground Four thus fails as well.

**IT IS ORDERED** adopting in whole the R&R in this matter (Doc. 73).

**IT IS FURTHER ORDERED** dismissing with prejudice the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6). The Clerk of Court shall enter judgment and terminate this matter.

**IT IS FURTHER ORDERED** denying a Certificate of Appealability upon a finding that Petitioner has failed to demonstrate denial of a constitutional right, which finding reasonable jurists would not debate.

Dated this 5th day of March, 2024.

Honorable John J. Tuchi
United States District Judge